# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |
| BOY SCOUTS OF AMERICA, | |
| Plaintiff, | Adv. Pro. No. 20-50527 (LSS) |
| v. | |
| A.A., *et al.*, | Re: Adv. Docket Nos. 54, 72, 77, 107, 116, 151, 162, 185 |
| Defendants. | |

**ORDER APPROVING SIXTH STIPULATION BY AND AMONG BOY SCOUTS OF AMERICA, THE OFFICIAL COMMITTEE OF SURVIVORS OF ABUSE, AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS MODIFYING THE CONSENT ORDER GRANTING THE BSA'S MOTION FOR A PRELIMINARY INJUNCTION PURSUANT TO 11 U.S.C. §§ 105(a) AND 362 AND FURTHER EXTENDING THE TERMINATION DATE OF THE STANDSTILL PERIOD**

This Court having considered the *Sixth Stipulation By and Among Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 and Further Extending the Termination Date of the Standstill Period* (the "Sixth Stipulation"),[2] a copy of which is attached hereto as **Exhibit 1**, and upon the

---

[1] The Debtors in the chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Sixth Stipulation.

record of this case and due deliberation thereon, and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED that:

1. The Sixth Stipulation is approved, and the Termination Date of the Standstill Period is hereby extended, in accordance with the terms of the Sixth Stipulation, up to and including the date of the first omnibus hearing after the Bankruptcy Court issues its decision confirming or denying confirmation of the Plan (the "Extended Termination Date").

2. For the avoidance of doubt, no Local Council is being ordered to comply with the terms of the Sixth Stipulation or is being ordered to take any of the actions described in Paragraphs 4 through 8 thereof. Rather, the terms in Paragraphs 4 through 8 of the Sixth Stipulation simply set out the terms under which the TCC and the UCC can seek to terminate the Preliminary Injunction (as set forth in Paragraph 9 thereof) with respect to a particular Local Council that has not complied with the terms set out in Paragraphs 4 through 8 thereof.

3. The Debtors, the TCC and the UCC are authorized to take all actions necessary or desirable to effectuate the relief granted pursuant to, and in accordance with, this Order and the Sixth Stipulation; provided, however, that in approving the Sixth Stipulation and authorizing the parties to effectuate it the Court is not making any ruling or finding that any insurer has consented to the obligations taken under Paragraph 5 of the Sixth Stipulation. Nothing in this Order shall impair the rights of insurers under their insurance policies with regard to the subject matter of the Sixth Stipulation.

4. The terms and conditions of this Order and the Sixth Stipulation shall be immediately effective and enforceable upon entry of this Order.

5. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order and/or the Sixth Stipulation.

Dated: November 8th, 2021
Wilmington, Delaware

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

3

**Exhibit 1**

**Sixth Stipulation**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |
| BOY SCOUTS OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>A.A., *et al.*,<br><br>                Defendants. | Adv. Pro. No. 20-50527 (LSS)<br><br>Re: Adv. Docket Nos. 54, 72, 77, 107, 116, 151, 162, 185 |

**SIXTH STIPULATION BY AND AMONG BOY SCOUTS OF AMERICA,
THE OFFICIAL COMMITTEE OF SURVIVORS OF ABUSE, AND THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS MODIFYING THE CONSENT ORDER
GRANTING THE BSA'S MOTION FOR A PRELIMINARY INJUNCTION PURSUANT
TO 11 U.S.C. §§ 105(a) AND 362 AND FURTHER EXTENDING THE
<u>TERMINATION DATE OF THE STANDSTILL PERIOD</u>**

This sixth stipulation (this "<u>Sixth Stipulation</u>") modifying certain terms of the *Consent Order Pursuant to 11 U.S.C. §§ 105(a) and 362 Granting the BSA's Motion for a Preliminary Injunction* [Adv. Docket No. 54] (the "<u>Consent Order</u>")[2] and further extending the Termination Date of the Standstill Period thereunder is made and entered into by and among the Boy Scouts of America (the "<u>BSA</u>"), the non-profit corporation that is, along with its affiliate, Delaware

---

[1] The Debtors in the chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Consent Order or *The BSA's Opening Brief in Support of Motion for a Preliminary Injunction Pursuant to Sections 105(a) and 362 of the Bankruptcy Code* [Adv. Docket No. 7], as applicable, unless otherwise indicated.

BSA, LLC, a debtor and debtor in possession in the above-captioned Chapter 11 Cases, the official committee of survivors of abuse (the "TCC"), and the official committee of unsecured creditors (the "UCC" and, together with the TCC, the "Committees"), by and through their respective undersigned counsel.

**RECITALS**

WHEREAS, on March 30, 2020, after notice and a hearing, the Bankruptcy Court entered the Consent Order.

WHEREAS, the Consent Order stayed, up to and including May 18, 2020 (the "Termination Date"), each of the Pending Abuse Actions and Further Abuse Actions identified on Schedule 1 to the Consent Order with respect to the BSA Related Parties identified on Schedule 2 to the Consent Order. The time period from the Petition Date to and including the Termination Date, as extended from time to time, is referred to as the "Standstill Period."

WHEREAS, on May 18, 2020, the Bankruptcy Court entered the *Stipulation and Agreed Order By and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Extending the Termination Date of the Standstill Period Under the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362* [Adv. Docket No. 72] (the "First Stipulation and Agreed Order"), which extended the Termination Date of the Standstill Period up to and including June 8, 2020.

WHEREAS, on June 9, 2020, the Bankruptcy Court entered the *Second Stipulation and Agreed Order By and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and*

2

*362 and Further Extending the Termination Date of the Standstill Period* [Adv. Docket No. 77] (the "<u>Second Stipulation and Agreed Order</u>"), which extended the Termination Date of the Standstill Period up to and including November 16, 2020.

WHEREAS, the Second Stipulation and Agreed Order deleted Paragraph 12 of the Consent Order and replaced it with the following provision pertaining to the procedures for obtaining further extensions of the Termination Date of the Standstill Period:

> The Termination Date may be extended by either (1) mutual agreement among the BSA, the UCC and the TCC, which shall be memorialized in a stipulation filed with the Court (an "<u>Extension Notice</u>"); or (2) motion filed by the BSA (an "<u>Extension Motion</u>"), which, in either case, shall be filed no later than twenty-five (25) days prior to the Termination Date and served on plaintiffs to Pending Abuse Actions or, as the case may be, Further Abuse Actions (through their counsel of record in any such Pending Abuse Action or Further Abuse Action) and any other party served with notice thereof. Any plaintiff in a Pending Abuse Action or Further Abuse Action may object to such extension of the Termination Date as to such plaintiff's Pending Abuse Action or Further Abuse Action by filing with the Bankruptcy Court, within fourteen (14) days of the date of an Extension Notice or Extension Motion, an objection setting forth the basis for its objection (an "<u>Extension Objection</u>"). An Objecting Party shall serve any Extension Objection on the undersigned counsel to the TCC, the UCC and the BSA, and counsel to any affected BSA Related Party or Additional BSA Related Party or their counsel of record. No more than seven (7) days following the deadline by which Extension Objections must be filed, the BSA, the UCC, the TCC, and Local Council Committee shall be authorized to file a single omnibus reply to any Extension Objections filed with the Bankruptcy Court. Notwithstanding the filing of an Extension Objection by any plaintiff, the Termination Date shall be extended as to any plaintiff who does not object to the Extension Notice.

WHEREAS, on October 22, 2020, the BSA and the Committees filed with the Bankruptcy Court the *Third Stipulation By and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 and Further Extending the Termination Date of the Standstill Period* [Adv. Docket No. 107-1] (the "<u>Third Stipulation</u>").

3

WHEREAS, on November 18, 2020, the Bankruptcy Court approved the Third Stipulation, entering the *Order Approving Third Stipulation by and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 and Further Extending the Termination Date of the Standstill Period* [Adv. Docket No. 116] (the "Order Approving Third Stipulation"), which extended the Termination Date of the Standstill Period up to and including March 19, 2021.

WHEREAS, on March 8, 2021 the BSA and the Committees filed with the Bankruptcy Court the *Fourth Stipulation By and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 and Further Extending the Termination Date of the Standstill Period* [Adv. Docket No. 151] (the "Fourth Stipulation").

WHEREAS, on March 21, 2021, the Bankruptcy Court approved the Fourth Stipulation, entering the *Order Approving Fourth Stipulation by and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 and Further Extending the Termination Date of the Standstill Period* [Adv. Docket No. 162] (the "Order Approving Fourth Stipulation"), which extended the Termination Date of the Standstill Period up to and including July 19, 2021.

WHEREAS, on June 24, 2021 the BSA and the Committees filed with the Bankruptcy Court the *Fifth Stipulation By and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Modifying the Consent

4

*Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 and Further Extending the Termination Date of the Standstill Period* [Adv. Docket No. 178] (the "Fifth Stipulation").

WHEREAS, on March 21, 2021, the Bankruptcy Court approved the Fifth Stipulation, entering the *Order Approving Fifth Stipulation by and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 and Further Extending the Termination Date of the Standstill Period* [Adv. Docket No. 185] (the "Order Approving Fifth Stipulation"), which extended the Termination Date of the Standstill Period up to and including October 28, 2021.

WHEREAS, on September 30, 2021, the Court entered the *Order (I) Approving the Disclosure Statement and the Form of Manner of Notice, (II) Approving Plan Solicitation and Voting Procedures, (III) Approving Forms of Ballots, (IV) Approving Form, Manner, and Scope of Confirmation Notices, (V) Establishing Certain Deadlines in Connection with Approval of the Disclosure Statement and Confirmation of the Plan, and (VI) Granting Related Relief* [Docket No. 6438] (the "Solicitation Procedures Order"). The Solicitation Procedures Order (1) approved the *Amended Disclosure Statement for the Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 6445] as containing "adequate information" within the meaning of section 1125(a) of the Bankruptcy Code and (2) authorized the Debtors to solicit votes to accept or reject the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 6443] (as such may be amended or modified from time to time, the "Plan").

5

WHEREAS, the Plan provides for the issuance of a Channeling Injunction that will permanently enjoin (1) the assertion of Abuse Claims against the Protected Parties, which include the Local Councils and Contributing Chartered Organizations, among others, and (2) the assertion of Post-1975 Chartered Organization Abuse Claims against the Limited Protected Parties, each as further described in Article X.F of the Plan.[3]

WHEREAS, the Parties have agreed to a further extension of the Termination Date of the Standstill Period as set forth in Paragraph 3 hereof, subject to the terms and conditions as set forth herein.

NOW THEREFORE, THE PARTIES, BY AND THROUGH THEIR RESPECTIVE UNDERSIGNED COUNSEL, HEREBY STIPULATE AND AGREE, AND THE BANKRUPTCY COURT HEREBY ORDERS, AS FOLLOWS:

1. <u>Effectiveness</u>.  This Sixth Stipulation shall become effective upon execution by counsel for each of the BSA, the TCC, and the UCC and entry of an order of the Bankruptcy Court approving this Sixth Stipulation, and every term hereof shall be effective as if expressly set forth in the Consent Order.  For the avoidance of doubt, no Local Council is being ordered to comply with the terms of the Sixth Stipulation or is being ordered to take any of the actions described in Paragraphs 4 through 8 hereof; rather, if the order approving the Sixth Stipulation is entered, the terms in Paragraphs 4 through 8 simply set out the terms under which the TCC and/or the UCC can seek to terminate the Preliminary Injunction (as set forth in Paragraph 9) with respect to a particular Local Council that has not complied with the terms set out in Paragraphs 4 through 8 of this Sixth Stipulation.

---

[3] Capitalized terms used in this recital but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

6

2. <u>Notice</u>. This Sixth Stipulation constitutes good and sufficient notice in accordance with Paragraph 12 of the Consent Order, as modified by Paragraph 8 of the Second Stipulation and Agreed Order, and no other or further notice of the extension of the Termination Date of the Standstill Period pursuant to this Sixth Stipulation is or shall be required.

3. <u>Extension of Termination Date of Standstill Period</u>. In accordance with the terms of the Consent Order, as modified by the First Stipulation and Agreed Order, the Second Stipulation and Agreed Order, the Order Approving Third Stipulation, the Order Approving Fourth Stipulation, the Order Approving Fifth Stipulation, and this Sixth Stipulation, and without prejudice to future requests for further extensions of the Termination Date of the Standstill Period consistent with the terms thereof, the Pending Abuse Actions and the Further Abuse Actions identified on **Schedule 1** attached hereto (as such schedule may be further amended from time to time) are hereby stayed as to the BSA Related Parties identified on **Schedule 2** attached hereto (as such schedule may be further amended from time to time) up to and including the date of the first omnibus hearing after the Bankruptcy Court issues its decision confirming or denying confirmation of the Plan (the "<u>Extended Termination Date</u>").

4. <u>Acknowledgment and Agreement</u>. The terms of the form of Acknowledgment and Agreement, attached to the Second Stipulation and Agreed Order as Exhibit 4, are incorporated by reference herein and shall continue to apply with full force and effect until the Extended Termination Date of the Standstill Period.

5. <u>Preservation and Production of Rosters</u>. The BSA and the Local Councils shall continue to make diligent and reasonable efforts to preserve and keep intact all historical troop and camp rosters that describe by name the Scouting youth, adult volunteers, Scouting volunteers, and chartered organizations ("<u>Rosters</u>") in the possession, custody, or control of the

7

BSA or the Local Councils, as applicable, in all locations where they may be found in the manner in which Rosters were collected or created and filed in the ordinary course of operations. All rights and obligations related to preservation of Rosters and related information contained in the Third Stipulation, Fourth Stipulation, and Fifth Stipulation are incorporated by reference herein and shall continue to apply with full force and effect, as applicable and except as otherwise provided herein, until the Extended Termination Date of the Standstill Period.

6. <u>Transfers of Local Council Assets</u>.  Unless and until the preliminary injunction is terminated as to a Local Council, no Local Council shall (a) sell, transfer, or encumber any real or personal property or other assets unless it receives value that is reasonably equivalent to the value of the property or assets that it sells, transfers, or encumbers or (b) sell, transfer, or encumber any real or personal property or other assets with actual intent to hinder, delay, or defraud creditors or the estates (or their creditors).  For the avoidance of doubt, the transfer of property or assets to a trust, foundation, charity or non-profit, or any asset protection or asset shielding vehicle for inadequate consideration is expressly prohibited under this provision without regard to the rationale for such transfer.[4]  The Local Councils shall make diligent and reasonable efforts to preserve and keep intact all documents and information relating to any transfers of real or personal property or other assets made during the pendency of the Debtors' chapter 11 cases.

7. <u>Designation of Assets</u>.  Local Councils shall not designate unrestricted assets as restricted by board resolution or otherwise, including the proceeds from sale of assets.

8. <u>Use and Treatment of Local Council Confidential Information</u>. The BSA and the TCC agree to the following protocol regarding the use of information produced by the Local

---

[4] Notwithstanding anything in this paragraph, nothing herein shall prejudice any party's right to assert that the transfer of any assets to any of the entities identified in the foregoing sentence is an actual fraudulent transfer, without regard to the adequacy or value of consideration provided.

8

Councils, or BSA that relates to the Local Councils, that was designated as confidential and governed by the Protective Order (as defined below).

    i. Pursuant to the *Order Approving Confidentiality and Protective Order* entered June 8, 2020 [Docket No. 799] (the "Protective Order" ), the BSA and certain of the Local Councils have designated documents and information made available to the TCC as either "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "COMMITTEE ADVISOR ONLY" as those terms are defined in the Protective Order (collectively, the "Confidential Designations").

    ii. The BSA and the Ad Hoc Committee of Local Councils agree that notwithstanding any Confidential Designations and any provisions of the Protective Order to the contrary, the TCC may treat the following materials as non-confidential when such documents are used in a filing, at a hearing, or in communications with its constituency, in either case in connection with the above-captioned Chapter 11 Cases:[5] (a) summaries, presentations or compilations (collectively, the "Summaries")[6] derived from material subject to Confidential Designations; (b) testimony concerning the summaries, presentations or compilations, including, without limitation, testimony related to their admissibility; provided, however, that (i) the Summaries, and any

---

[5] For the avoidance of doubt, the parties agree only that the materials described herein may be treated as non-confidential to the extent provided for in the Sixth Stipulation, and reserve the right to object to the use of these materials on any other basis.

[6] For the avoidance of doubt, the Local Council "dashboards" that the TCC's advisors previously prepared and produced to the BSA and Local Councils are included among any "Summaries" prepared by the TCC.  In addition, the appraisals prepared by the BSA regarding Local Councils' properties shall not be subject to any Confidential Designations.  The BSA further agrees to cooperate with the TCC in good faith to identify additional categories of information, if any, that are not subject to Confidential Designations.

9

    testimony concerning the Summaries, shall not include personally identifying information, including, without limitation, donor information, and (ii) prior to using a Summary in a filing, at a hearing, or in communications with its constituency, the TCC shall provide seven (7) calendar days' notice and a copy of the Summary to the party that designated as confidential the information contained in any Summary, with a copy to the BSA and the Ad Hoc Committee of Local Councils. If the subject party or parties do not object within the seven (7) calendar day period, the TCC shall be free to use the Summary in a filing, at a hearing, or in communications with its constituency without any redactions. If an objection is received within the seven (7) calendar day period and it cannot be resolved by the TCC and the designating party or parties, the TCC may seek relief from the Court to allow the non-confidential treatment of the Summary. If the Summary concerns pooled financial or valuation data designated by more than one Local Council, the TCC need only provide notice and the opportunity to object to the BSA and the Ad Hoc Committee of Local Councils. Notwithstanding the foregoing, nothing in this Stipulation shall impact the requirement that documents produced pursuant to the Protective Order may only be used in the Chapter 11 Cases.

iii. If the TCC intends to file with the Court or use a document(s) that is subject to a Confidential Designation as opposed to a Summary that was derived from the Confidential Designations of such document(s), the re-designation of such document shall be subject to the protocol in the Protective Order.

iv. Notwithstanding anything to the contrary in this Sixth Stipulation, the notification protocol described in this Paragraph 8 shall be effective ten (10) calendar days after execution of this Sixth Stipulation and filing with the Court. For the avoidance of doubt, the TCC shall be entitled to provide the notice referenced in Paragraph 8(ii) only after the expiration of such ten (10) calendar day period.

9. <u>Termination of Preliminary Injunction</u>. The preliminary injunction shall continue to be subject to termination on the conditions and to the extent provided in Paragraph 9 of the Fourth Stipulation and Fifth Stipulation; <u>provided</u> that, and for the avoidance of doubt, a Local Council's exercise of its rights to object to the use of a document(s) pursuant to Paragraph 8(ii) and (iii) hereof shall not be considered a violation of the terms of the preliminary injunction, nor shall it give the TCC the right to terminate the preliminary injunction with respect to that Local Council.

10. <u>Immediate Effect</u>. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Sixth Stipulation are immediately effective and enforceable upon entry of an order of the Bankruptcy Court approving this Sixth Stipulation.

11. <u>Authorization to File</u>. The BSA is authorized to file a copy of this Sixth Stipulation (including the schedules attached hereto) with any court in which a Pending Abuse Action or Further Abuse Action is or may hereafter become pending as proof that such action is stayed and enjoined as set forth herein and in the Consent Order.

12. <u>Reservation of Rights</u>. Nothing herein shall be construed to limit or affect any party's right to seek appropriate relief from this Court to the extent necessary to respond to any actions by a court in which a Pending Abuse Action or Further Abuse Action is pending, which,

11

but for the stay provided herein and in the Consent Order, would require a party to act before the Extended Termination Date of the Standstill Period.

13. <u>Retention of Jurisdiction</u>. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Sixth Stipulation and the Consent Order.

14. <u>Headings</u>. Headings of the decretal paragraphs of this Sixth Stipulation have been inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of this Sixth Stipulation.

15. <u>Filing with Clerk</u>. This Sixth Stipulation shall be promptly filed in the clerk's office and entered into the record.

*[Remainder of Page Intentionally Left Blank]*

CONSENTED TO BY:

WHITE & CASE LLP
Jessica C. Lauria (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Email: jessica.lauria@whitecase.com

– and –

WHITE & CASE LLP
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice*)
Blair M. Warner (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 881-5400
Email: mandolina@whitecase.com
       mlinder@whitecase.com
       laura.baccash@whitecase.com
       blair.warner@whitecase.com

– and –

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

 */s/ Paige N. Topper*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Email: dabbott@morrisnichols.com
       aremming@morrisnichols.com
       ptopper@morrisnichols.com

*Attorneys for the Boy Scouts of America*

PACHULSKI STANG ZIEHL & JONES LLP

 */s/ James E. O'Neill*
James I. Stang (admitted *pro hac vice*)
Robert B. Orgel (admitted *pro hac vice*)
John A. Morris (admitted *pro hac vice*)
James E. O'Neill (No. 4042)
John W. Lucas (admitted *pro hac vice*)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 1999-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: jstang@pszjlaw.com
       rorgel@pszjlaw.com
       jmorris@pszjlaw.com
       joneill@pszjlaw.com
       jlucas@pszjlaw.com

*Attorneys for the Official Tort Claimants' Committee*

REED SMITH LLP
Kurt F. Gwynne (No. 3951)
Katelin A. Morales (No. 6683)
1201 North Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575
Email: kgwynne@reedsmith.com
       kmorales@reedsmith.com

– and –

KRAMER LEVIN NAFTALIS
& FRANKEL LLP

 */s/ Megan Wasson*
Thomas Moers Mayer (admitted *pro hac vice*)
Rachael Ringer (admitted *pro hac vice*)
Jennifer Sharret (admitted *pro hac vice*)
Megan Wasson (admitted *pro hac vice*)
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
Email: tmayer@kramerlevin.com
       rringer@kramerlevin.com
       dblabey@kramerlevin.com
       jsharret@kramerlevin.com
       mwasson@kramerlevin.com

*Attorneys for the Official Committee of Unsecured Creditors*